UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JUSTIN BUNCH,

            Plaintiff,

v.

ROBERT E. CARTER, *et al.*,

            Defendants.

CAUSE NO. 3:19-CV-1092-DRL-MGG

OPINION AND ORDER

Justin Bunch, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Still, under 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. To "state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Mr. Bunch alleges that, on February 2, 2018, he submitted a written request for protective custody on the basis that other inmates at the Miami Correctional Facility had assaulted him on multiple occasions. Unit Team Manager Williams denied this request. Nine months later, on November 22, inmates assaulted Mr. Bunch, resulting in a broken arm, broken teeth, and a cranial injury. Mr. Bunch notified Sergeant Smith and Lieutenant Bennit of the ongoing risk to his safety in person and in writing. On November 28, Mr. Bunch returned to his dormitory, and inmates attacked him again by stabbing him and stomping on him. He went to the hospital and was in the infirmary for

thirteen weeks as a result of his extensive injuries. He also developed severe anxiety disorder and post-traumatic stress disorder.

Mr. Bunch asserts an Eighth Amendment failure to protect claim against several defendants. The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Id.* at 833. "[T]o state a section 1983 claim against prison officials for failure to protect, [a plaintiff] must establish: (1) that he was incarcerated under conditions posing a substantial risk of serious harm and (2) that the defendants acted with deliberate indifference to his health or safety." *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010). Based on the allegations in the complaint, Mr. Bunch states a plausible Eighth Amendment failure to protect claim against Unit Team Manager Williams, Sergeant Smith, and Lieutenant Bennit.

Mr. Bunch also names Commissioner Carter, Warden Hyatt, Assistant Warden Hawk, Major Tucker, and Captain Kieninger because they were generally responsible for his safety at the Miami Correctional Facility. However, "[section] 1983 lawsuits against individuals require personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003). Mr. Bunch does not explain how these defendants were personally involved with his requests for protection or were aware that other inmates posed a substantial risk of harm to him. Consequently, Mr. Bunch may not proceed against these defendants.

Mr. Bunch also asks for injunctive relief. For prisoner cases, the court has limited authority to order injunctive relief. *Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012). Specifically, "the remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right." *Id.* The court observes that Mr. Bunch's address of record for this case is at the New Castle Correctional Facility, while the risk of harm alleged in the complaint is posed solely by inmates at the

Miami Correctional Facility. Because there is no indication that Mr. Bunch faces an ongoing threat to his safety at his current facility, he may not proceed on this claim for injunctive relief.

For these reasons, the court:

(1) GRANTS Justin Bunch leave to proceed on an Eighth Amendment claim for money damages against Unit Team Manager Williams, Lieutenant Bennit, and Sergeant Smith for failing to protect him against attacks from other inmates at the Miami Correctional Facility;

(2) DISMISSES the Commissioner Carter, Warden Hyatt, Assistant Warden Hawk, Major Tucker, and Captain Kieninger;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Unit Team Manager Williams, Lieutenant Bennit, and Sergeant Smith at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Unit Team Manager Williams, Lieutenant Bennit, and Sergeant Smith respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claims for which Justin Bunch has been granted leave to proceed in this screening order

SO ORDERED.

December 13, 2019

*s/ Damon R. Leichty*
Judge, United States District Court