UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JUSTIN BUNCH, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:19-CV-1092-DRL-MGG |
| ROBERT E. CARTER *et al.*, | |
| Defendants. | |

OPINION & ORDER

Justin Bunch, a prisoner without a lawyer, filed a motion for leave to amend his complaint to add additional parties. Under Federal Rule of Civil Procedure 15, and in the interest of justice, noting the motion was timely filed, the motion is granted. The court now proceeds to screen the amended complaint.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against an immune defendant. To state a 42 U.S.C. § 1983 claim, a plaintiff must allege "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

As with his original complaint, Mr. Bunch alleges that, on February 2, 2018, he submitted a written request for protective custody because a group of other inmates at the Miami Correctional Facility (MCF) had assaulted him and threatened to do so again. Unit Team Manager James Williams denied this request. On November 22, 2018, these inmates assaulted Mr. Bunch, resulting in a broken arm, broken teeth, and a cranial injury. Shortly thereafter, Mr. Bunch notified Sergeant Amber Smith

and Lieutenant Robert Bennett[1] in person and in writing of the ongoing risk to his safety posed by these inmates, but they didn't take any steps to protect him. On October 30, 2018, he spoke directly to Warden William Hyatt and told him he was at risk of being attacked. The warden allegedly responded, "I don't offer [protective custody] here. Don't break the law and you won't come to prison."

On November 28, 2018, Mr. Bunch returned to his dormitory, and these inmates attacked him again by stabbing him and stomping on him. He went to the hospital and was in the infirmary for thirteen weeks as a result of his extensive injuries. He also developed severe anxiety disorder and post-traumatic stress disorder. Based on these facts, this court previously granted him leave to proceed against Unit Team Manager Williams, Lieutenant Bennett, and Sergeant Smith. He now seeks to add as defendants Indiana Department of Correction Commissioner Robert Carter, Warden Hyatt, Deputy Warden Sharon Hawk, Major Tucker (first name unknown), and Captain Kieninger (first name unknown).

The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates" and to "protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). However, "prisons are dangerous places," as "[i]nmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). Therefore, a failure-to-protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). Instead, the plaintiff must establish that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent

---

[1] The original and amended complaints refer to this defendant as "Lieutenant Bennit" or "Lieutenant Bennette." The court uses the spelling contained in Lieutenant Bennett's answer to the original complaint. *See* ECF 12.

the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010).

Giving him the inferences to which he is entitled at this stage, Mr. Bunch plausibly alleges that Unit Team Manager Williams, Sergeant Smith, Lieutenant Bennett, and Warden Hyatt had specific knowledge of an impending risk of harm and brushed off his concerns rather than taking steps to protect him. As a result, he was attacked and suffered serious injuries. He will be permitted to proceed on an Eighth Amendment claim against these defendants.

As to the other defendants, he alleges generally that these individuals were responsible for his safety at MCF and, in the case of Deputy Warden Hawk, that she had general knowledge of a "risk of harm to the plaintiff's physical safety." There is no general *respondeat superior* liability under section 1983, and these defendants cannot be held liable for the misdeeds of other prison staff simply because they oversee operations in the prison or supervise lower-level employees. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020); *Burks v. Raemisch*, 555 F.3d 592, 593 (7th Cir. 2009). Mr. Bunch does not explain how these defendants were personally involved in his requests for protection or what specific information was conveyed to them, and their response thereto, such that the court might infer that they were deliberately indifferent to his safety. He has not alleged a plausible claim against these other defendants.

Mr. Bunch also seeks leave to proceed on a claim for injunctive relief. In prison conditions cases, the court has limited authority to order injunctive relief. *Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012). Specifically, "the remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right." *Id.* Mr. Bunch is currently housed at New Castle Correctional Facility, whereas these events occurred at MCF. Although he expresses a general concern that he may be transferred back to MCF, he has not alleged any factual content to suggest that a

transfer to MCF is imminent. To the extent he has concerns about his safety at New Castle, such allegations fall outside the scope of the claims raised in this lawsuit against the defendants located at MCF. Therefore, he may not proceed on a claim for injunctive relief.

For these reasons, the court:

(1) GRANTS the plaintiff's motion for leave to amend his complaint (ECF 30), and DIRECTS the clerk to docket the amended complaint (ECF 30-1) as a separate docket entry;

(2) GRANTS the plaintiff leave to proceed on a claim against Warden William Hyatt, Unit Team Manager James Williams, Lieutenant Robert Bennett, and Sergeant Amber Smith in their personal capacity for money damages for failing to protect him from being assaulted by other inmates at the Miami Correctional Facility;

(3) DISMISSES Commissioner Robert Carter, Assistant Warden Sharon Hawk, Major Tucker, and Captain Kieninger;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk to request a Waiver of Service from (and, if necessary, the United States Marshals Service to serve process on) Warden William Hyatt, Unit Team Manager James Williams, Lieutenant Robert Bennett, and Sergeant Amber Smith, and to send them a copy of this order and the amended complaint pursuant to 28 U.S.C. § 1915(d);

(6) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant who does not waive service if they have such information, to the extent such information is available; and

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Warden William Hyatt, Unit Team Manager James Williams, Lieutenant Robert Bennett, and Sergeant Amber Smith to respond, as

provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

August 24, 2020

*s/ Damon R. Leichty*
Judge, United States District Court